### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

DIEGO FRANCISCO SALCEDO, JR.,  :      Civil Action No. 06-1015 (JAP)

:

**Plaintiff,**    :

:          **REPORT AND**

:          **RECOMMENDATION**

**v.**    :

:

CITY OF HOBOKEN, NJ, et al.,  :

:

**Defendants.**    :

_____:

This matter having been opened to the Court upon Motion of Defendants City of Hoboken,

Police Officers Joseph Cicala, Alex Gonzalez, Saverio Binetti, and Sergeant Antony Pasculli

(hereinafter "Defendants"), to Dismiss Plaintiff's Complaint pursuant to FED.R.CIV.P. 37 for failure

to provide discovery and comply with the discovery orders of the Court; and the Court noting that

on January 4, 2007 Plaintiff filed a procedurally deficient motion to compel discovery [Docket Entry

No. 23]; and the Court further noting that the aforementioned deficient motion was denied without

prejudice by this Court, in order to provide Plaintiff an opportunity to file an appropriate request for

discovery [Docket Entry No. 25]; and the Court further noting that a telephone conference on the

Record with the *pro se* Plaintiff and counsel for Defendants was held on March 13, 2007, during

which the Court reminded the Plaintiff of his discovery obligations; and the Court further noting that

by Order dated March 15, 2007, It mandated that all document discovery was to be completed no

later than May 31, 2007 [Docket Entry No. 27]; and the Court further noting that pursuant to said

Order all fact discovery in this matter was to be completed no later than July 6, 2007; and Defendants

asserting that they served Plaintiff with interrogatories and a notice to produce on March 26, 2007;

and Defendants further asserting that they sent a letter dated June 1, 2007 to Plaintiff to inquire as

to the status of his discovery responses; and the Court noting that by letter dated June 28, 2007,

Defendants informed the Court that they had not received any responses from Plaintiff to their

discovery demands, nor had Plaintiff re-served a copy of his discovery demands to Defendants as

instructed by the Court during the aforementioned telephone conference [Docket Entry No. 29]; and

the Court further noting that no renewed motion regarding discovery was ever filed by the Plaintiff;

and Defendants asserting that depositions could not be conducted within the time period delineated

by the Court without the document discovery; and the Court further noting that It has not heard from

Plaintiff since the March telephone conference, and the only activity since then has been by the

Defendants resulting in Defendants' request for leave to file this motion; and Plaintiff not having

filed any opposition to the instant motion; and the Court finding that FED.R.CIV.P. 37(b)(2)(C)

authorizes the Court to dismiss an action as a result of a party's failure to obey an order to provide

discovery and/or failure to serve answers to interrogatories; and the Court further finding that

dismissal of an action pursuant to Rule 37(b)(2) is a matter entrusted to the discretion of the trial

court (*Curtis T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co.,* 843 F.2d 683, 691 (3d Cir. 1988)); and

the Court finding that although a "Rule 37(b)(2)(C) dismissal is a serious sanction, [i]n certain cases,

it is a necessary tool to punish parties who fail to comply with the discovery process and to deter

future abuses (*Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)); and the Court finding that when

determining whether dismissal is appropriate under FED.R.CIV.P. 37(b)(2)(C), the test outlined in

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1988), is to be applied (*see*

*Anchorage Assoc. v. V.I. Bd. of Tax Review*, 922 F.2d 168 (3d Cir. 1990)(holding that a Court may

consider the *Poulis* factors when determining a motion to dismiss pursuant to Fed.R.Civ.P.

37(b)(2)(C))); and the Court finding that under *Poulis*, the Court must weigh (1) the extent of a

party's responsibility, (2) the prejudice to the adversary caused by the party's actions or inactions, (3) a history of dilatoriness, (4) whether the conduct of the party was willful or in bad faith, (5) the effectiveness of sanctions other than dismissal, and (6) the merit of the claim or defense (*Poulis*, 747 F.2d at 868); but the Court noting that while all factors must be considered, not all "need be met for a district court to find dismissal is warranted" (*Hicks v. Feeney*, 850 F.2d at 156); and the Court further finding that Plaintiff is solely responsible for his failure to proceed with discovery in this matter, as he was made aware of his obligations in March, and chose not to participate in discovery at all; and the Court further finding that Defendants have been prejudiced by Plaintiffs inactivity, insofar as they were required to seek out Plaintiff for his demands and to file the instant motion; and the Court further finding that while Plaintiff's behavior in prosecuting his case does not evince a history of dilatoriness, it is plain that, to the extent this case has been delayed, the delay is purely the result of Plaintiff's inaction; and the Court further finding that although it is unable to assert that Plaintiff's inaction has been a result of bad faith, it appears that he has been receiving correspondence at the address he provided the Court in January, thereby indicating that any failure to comply with discovery was at least knowing, if not willful; and the Court further finding that although dismissal as a sanction should be one of last resort, no lesser alternative exists, based on Plaintiff's demonstrated lack of interest in proceeding at all; and the Court further finding that even if It concluded that Plaintiff's allegations as proffered in the Complaint would support recovery if established at trial (*see Poulis*, 747 F.2d at 870), the other factors outlined in *Poulis* weigh heavily in favor of dismissal; and this matter having been considered pursuant to FED.R.CIV.P. 78; and for good cause shown,

IT IS on this 9th day of October, 2007,

HEREBY RECOMMENDED that Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice be GRANTED; and it is further

ORDERED that the Clerk's Office shall send a copy of this recommendation to Plaintiff with return receipt requested; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 31] accordingly.

s/    Tonianne J. Bongiovanni
**TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**